

#300007756

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

FILED-USDC-NDTX-DA
'23 SEP 20 AM 9:53

| | | |
|---|---|---|
| LUCAS HORTON, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 3-23CV2098-S |
| | § | |
| MULTIPLAN INC, | § | |
| Defendant | § | |

## COMPLAINT

Plaintiff Lucas Horton ("Plaintiff") brings this Complaint against Multiplan, Inc ("Defendant") for multiple reasons. First is the practice of making sending texts to consumers without the required registration certificate to do so. Second is the Defendant's practice of using 3rd party telemarketers to text consumers on the National Do Not Call List using an ATDS. Third is to obtain damages and other redress caused by Defendant's conduct in violation of The Consumer Telephone Protection Act ("TCPA"). Plaintiff, for his Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief.

## PARTIES

Plaintiff is an individual who resides in Dallas County, Texas and was in Dallas County for all texts in this case. Defendant is a corporation organized and existing under the laws of the State of New York whose primary place of business and corporate headquarters is located at 115 5th Ave 7th Floor, New York, New York 10003. Defendant's Registered Agent is Corporation Service Company and can be served at 80 State Street, Albany, NY 12207.

## JURISDICTION & VENUE

The Court has subject matter jurisdiction under 28 U.S.C § 1331, because the case arises under the TCPA, 47 U.S.C. § 227. This court has supplemental subject matter jurisdiction over Plaintiff's claims arising under both Texas Business & Commerce Codes 305.053 ("TX 305") and 302.101 ("TX 302"). Plaintiff also

makes a claim under § 64.1200(d).

## FACTS

1. TX 305 has an analogous portion that is related to the TCPA and was violated in this case. It makes it illegal to text or call a mobile phone for the purposes of solicitation if the caller knows, or should know, that the number called is a cell phone. It states that " (a) A person who receives a communication that violates 47 U.S.C. Section 227, a regulation adopted under that provision, or Subchapter A may bring an action in this state against the person who originates the communication for: $500 for each violation; or… If the court finds that the defendant committed the violation knowingly or intentionally, the court may increase the amount of the award of damages under Subsection (b) to not more than the greater of: $1,500 for each violation;".

2. Courts have ruled and the FCC has stated that even if a company did not actually make the call or send the text, but had another do it on their behalf, then they are liable.  It has also been established that when a company receives financial benefits from calls or texts sent by others, they become liable.

3. Section 227(c) prohibits "any person from making or transmitting a telephone solicitation to the telephone number of any subscriber included in," the National Do Not Call List. 47 U.S.C. 227(c)(3)(F). Individuals have a private right to action "to recover for actual monetary loss from such a violation, or to receive up to $500 in damages for each such violation, whichever is greater . . . ." 47 U.S.C. 227(c)(5)(B).  If the Court finds that the defendant's violation was committed willfully or knowingly, the Court may treble plaintiffs award. 47 U.S.C. 227(c) (5).

4. Plaintiff has been on the National DNC list since 2020.

5. 47 U.S.C. § 227(b)(1)(A) states that, "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any

automatic telephone dialing system. This includes calls or texts sent on behalf of another company.

6. 47 CFR 64.1200(d)(2) requires that Defendant train their personnel engaged in telemarketing on the written policy and the existence of the Do Not Call Policy. The internal DNC policy should be available on demand. A DNC policy was requested of the Defendant, but was ignored.

7. The TCPA provides a provides multiple private rights of action to persons who receive calls in violation of § 227 (c) or a regulation promulgated thereunder 47 U.S.C. f 227(c)(5).

8. The FCC requires "prior express written consent" for all autodialed or prerecorded telemarketing texts to wireless numbers and residential lines. In particular:[A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received clear and conspicuous disclosure of the consequences of providing the requested consent, *i.e.,* that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates. In addition, the written agreement must be obtained without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.

9. *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prof. Act of 1991,* 27 FCC Rcd. 1830, 1844, 33 (2012) (footnote and internal quotation marks omitted). FCC regulations "generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991,* 10 FCC Rcd. 12391, 12397 ,S 13 (1995).

10. The FCC confirmed this principle in 2013, when it explained that "a seller ... may be held vicariously liable under federal common law principles of agency for violations of either section 227(b) or section 227(c) that are committed by third-party telemarketers." *In the Matter of the Joint Petition Filed by Dish Network, LLC*, 28 FCC Red. 6574, 6574, 1 (2013).

11. Courts throughout the country, including this one, have also come to a similar conclusion. An administrator of a vehicle service contract, which is even less involved than the Defendant is in the marketing and administration of these insurance policies, "can still be liable under the TCPA if the calls were made 'on behalf of' [the administrator]." *Horton v. Palmer Admin. Servs.*, 2021 U.S. Dist. LEXIS 256560 (N.D. Tex. 2021) quoting *Hirsch v. USHealth Advisors, LLC*, 337 F.R.D. 118, 132 (N.D. Tex. 2020) (quoting 47 U.S.C. § 227(c)(5)). See also *Smith v. State Farm Mut. Auto. Ins. Co.*, 30 F. Supp. 3d 765, 777 (N.D. Ill. 2014) (citing *In re Joint Pet. filed by Dish Network, LLC*, 28 F.C.C.R. 6574, 6582 ¶ 28 (2013) (finding that a "seller may be held vicariously liable under federal common law principles of agency for TCPA violations committed by third-party telemarketers.")

12. Under the TX 302, a seller may not make a telephone solicitation from a location in this state or to a purchaser located in this state unless the seller holds a registration certificate for the business location from which the telephone solicitation is made. The Defendant does not have this certificate and is not exempt from the requirements as they are not licensed to sell insurance or are selling insurance products not licensed in the state of Texas.

13. Under, Texas Business & Commerce Code 301.001, the Defendant would be categorized as either a "Seller" or the "Owner", depending on who actually sent the texts to the Plaintiff.

14. A person makes a telephone solicitation if the person effects or attempts to effect a telephone solicitation, including a solicitation initiated by an automatic dialing machine or a recorded message device. Tex. Bus. & Commerce Code § 302.002. The FCC has deemed texts the same as calls with regard to telemarketers.

15. The Plaintiff may seek damages under Texas law for violations of the TX 302 of up to $5000 per violation, reasonable costs of prosecuting the action, court costs, investigation costs, deposition expenses, witness fees, and attorney fees.

16. Plaintiff is the owner and customary user of a cellphone number ending in 0625.

17. At no time did Plaintiff ever provide his cellphone number to Defendant or provide Defendant, or any of Defendant's agents or contractors, with any kind of written or verbal prior express consent to text the Plaintiff.

18. Plaintiff was texted by 833-213-1602 on Dec 2nd, Dec 7th, Dec 8th, December 16th, Dec 20th, and Dec. 28th.

19. Plaintiff was texted by 833-434-1847 on Dec 7th, Dec 12th and December 14th.

20. The Plaintiff was texted by 833-409-0765 on Dec 23rd

21. The Plaintiff was texted by 833-208-6746 on Dec. 8th and Dec 9th

22. All texts solicited the Plaintiff to call a phone number to enroll in a health insurance plan and had some message about open enrollment ending soon.

23. On Aug 9th 2023, Plaintiff called 833-409-0765 and bought policy ID# of G934865

24. On Aug 10th, 2023, the plaintiff called 833-434-1847 and bought the second with ID# G934865.

25. On Aug 10th, 2023, plaintiff called 208-6746 after the 1787 call and got the same operator he just bought policy # G934865 from!  Ther Plaintiff recorded that call.

26. Plaintiff paid $540.11 for one policy and $570.11 for the other.

27. In accordance with Texas Business & Commerce Code 301.052, ("TX 301") a refund was requested for both policies with 7 days purchase using the phone number in the welcome emails the Plaintiff received. He has been given the runaround each time he called. The TX 301 states that:

> "A person who sells consumer goods or services through the use of a telephone solicitor may not make or submit a charge to a consumer's credit card account unless the seller:
>
>  (1) provides that:
>
>   (A) the consumer may receive a full refund for returning undamaged and unused goods or canceling services by providing notice to the seller not later than the seventh day after the date the consumer receives the goods or services; and
>
>   (B) the seller will process:
>
>    (i) a refund not later than the 30th day after the date the seller receives the returned goods from the consumer;

28. Not only were the refunds not issued, but the Plaintiff was charged for a second month on both policies. His requests for refunds have not been answered. Each of these actions carries up a $10,000 fine.

29. Prior to receiving the above-referenced texts, Plaintiff had no relationship with Defendant, had never provided his telephone number directly to Defendant, and had never requested that Defendant place calls to him or to offer him any products or services.

30. In fact, the Plaintiff has already sued the Defendant for TCPA violations once before in Case No. 3:21-cv-01542-S. The Defendant made numerous poor arguments in a motion to dismiss that were all denied. Yet, they are still violating numerous telemarketing laws with impunity.

## FACTUAL ALLEGATIONS

31. All of the texts at issue were made by the Defendant or an agent on their behalf.

32. By making unauthorized telemarketing texts, Defendant has caused the Plaintiff actual harm. This includes loss of productivity, the aggravation, nuisance and invasions of privacy that result from the receipt of such calls. This is in addition to the wear and tear on his telephone,

consumption of battery life, lost ability to place outgoing calls or texts and other interruption in use, cellular minutes, loss of value realized for the monies he paid to his carrier for the receipt of such calls, and other diminished use, enjoyment, value, and utility of their cellphones and cellphone plans. Robocalls take actual time to deal with and lost time is a real injury. Not only is this annoying, but many times, these calls are at the expense of the Plaintiff's productivity at work.

33. Furthermore, Defendant (or a third-party acting on their behalf and for their benefit) sent the texts and texts knowing that they trespassed against and interfered with Plaintiff's use and enjoyment of, the ability to access his telephone, including the related data, software, applications, and hardware components. As such, Defendant not only invaded the personal privacy of Plaintiff, they also intentionally, repeatedly, and willfully violated the TCPA.

34. In response to Defendant's unlawful conduct, Plaintiff files the lawsuit and seeks an injunction requiring Defendant and its proxies to cease all unsolicited telephone calling activities to consumers as complained of herein and an award of statutory damages to the Plaintiff, together with costs, and pre- and post-judgment interest.

### FIRST CAUSE OF ACTION FOR THE TEXTS
### Violation of 47 U.S.C. § 227(b)(1)(A)
### Telephone Consumer Protection Act

Plaintiff incorporates the foregoing allegations as if fully set forth herein. Using an ATDS, the Defendant, texted the Plaintiff without the Plaintiff's consent, knowledge, and for its benefit without having any consent to do so from the Plaintiff. As a result of the damages suffered by the Plaintiff, he is entitled to recover $500 per call in a civil fine for the offense. However, in light of Defendant's willful nature of the offense, treble damages of $1500 are more than appropriate under 47 U.S.C. § 227(b)(3)(C) for willful and/or knowing conduct.

### SECOND CAUSE OF ACTION FOR THE TEXTS
### Violation of 47 U.S.C.. § 227(c)(3)(F)

**Telephone Consumer Protection Act**

Plaintiff incorporates the foregoing allegations as if fully set forth herein. The Plaintiff has been on the National Do Not Call List Since Mar 2020 because he does not want to be called or texted by entities who do not have his permission. As a result of the damages suffered by the Plaintiff, he is entitled to recover $500 in a civil fine for each offense under 227(c)(3)(5)(B). However, in light of Defendant or its proxies' willful nature of the offense, treble damages of $1500 are more than appropriate.

### THIRD CAUSE OF ACTION FOR THE TEXTS
### Violation of § 64.1200(d)(1)
### Failure to Maintain Written Telemarketing Policy

Plaintiff incorporates the foregoing allegations as if fully set forth herein. 47 CFR 64.1200(d)(1) requires that the Defendant and people texting or calling on their behalf have a written telemarketing policy. The Plaintiff requested an internal DNC policy directly from multiplan as well as by responding to his welcome emails. Plaintiff is entitled to an award of at least $500 in damages for each violation under 47 U.S.C. § 227(c)(5)(B). However, in light of the willful behavior shown by the Defendant or its proxies', as well as the nature of the offense, treble damages of $1500 are more than appropriate.

### FOURTH CAUSE OF ACTION FOR THE TEXTS
### Violation of TX 305
### Texas State TCPA Law

Defendant made numerous non-emergency telemarketing texts to Plaintiff's phone without his prior express consent in violation of 47 U.S.C. 227 et seq. Defendant violated 47 U.S.C. 227(d), 47 U.S.C. 227(d)(3), and 47 U.S.C. 227(e) by using an ATDS that does not comply with the technical or procedural requirements under this subsection. The Tx 305 creates a private right of action for "a person who receives a communication that violates U.S.C. Section 227 [or] a regulation adopted under that provision ... against the person who originates the communication .... " Tex. Bus. & Com. Code § 305.053(a). Therefore, the elements of a TX 305

claim "correspond to the necessary elements for a TCPA claim." *Callier v. GreenSky, Inc.*, No. EP-20-CV-00304-KC, 2021 U.S. Dist. LEXIS 126769, 2021 WL 2688622, at *6 (W.D. Tex. May 10, 2021). Plaintiff is entitled to an award of $500 in damages for each violation under § 305.053(b)(1). Plaintiff also requests the Court award treble damages of $1500 based on Defendant or its proxies' knowing and/or intentional violations under §305.053(c)(1) and their proven and willful disregard for the TCPA. Plaintiff also seeks a permanent injunction requiring Defendant to cease placing illegal telemarketing calls.

### FIFTH CAUSE OF ACTION FOR THE TEXTS
### Violation of 47 CFR § 64.1200(d)(4)
### Failure to Provide Identifying Information

Plaintiff incorporates the foregoing allegations as if fully set forth herein. 47 CFR 64.1200(d)(4) requires that Defendant provides the texted party with the name of the individual texter or the name of the person or entity on whose behalf the text is being made. The Defendant, or whomever sent the text did not fulfill this requirement, which was why the Plaintiff had to click the link and call to buy a policy. Plaintiff is entitled to an award of $500-1500 in damages for each violation. 47 U.S.C. § 227(c)(5)(B). Plaintiff seeks treble damages of $1500 per call as the Defendant has displayed willful behavior in its TCPA violations. Plaintiff also seeks a permanent injunction requiring Defendant to provide their identifying information when making telemarketing calls.

### SIXTH CAUSE OF ACTION
### Violation of § 64.1200(d)
### Telemarketing without mandated safeguards

Plaintiff incorporates the foregoing allegations as if fully set forth herein. The foregoing acts and omissions by Defendant and/or its affiliates or agents constitute multiple violations of FCC regulations by making telemarketing solicitations despite lacking:

a. Training for individuals involved in the telemarketing on the existence and use of a do not call list in violation of C.F.R § 64.1200(d)(2). The senders of the texts should have checked

D.      An award of $40,000 for the Tx 301 violation as well as a refund for the 4 payments charged to the Plaintiff's credit card.

E.      An award of damages to the Plaintiff, as allowed by under the TCPA.

F.      An award to the Plaintiff of interest, costs and attorney's fees, as allowed by law and equity and such further relief as the Court deems necessary, just, and proper.

## Demand For Jury Trial

Please take notice that the Plaintiff demands a jury trial in this case

Dated: 9/20/2023            Respectfully submitted,

_____

Lucas Horton
lukeduke365@yahoo.com
1202 Stratford Dr
Richardson, TX 75080
Tel: (214) 909-3341

the national DNC list to see of the Plaintiff's number was on it.  Or, they should have obtained consent.

b. Plaintiff is entitled to an award of at least $500 in damages for each such violation. 47 U.S.C. § 227(c)(5)(B).  However, in light of Defendant's willful behavior and the nature of the offense, treble damages of $1500 are more than appropriate.

**SEVENTH CAUSE OF ACTION**
**Violation of TX 302**
**Telemarketing without mandated business license**

Plaintiff incorporates the foregoing allegations as if fully set forth herein.  Tx 302 prohibits sellers from engaging in telephone solicitations from a location in this state or to a purchaser located in this state unless the seller obtains a registration certificate from the Office of the Secretary of State for the business location from which the solicitation is made.  It also provides that a person who violates this chapter is subject to a civil penalty of no more than $5000 per violation.  Furthermore, it provides that the party bringing the action is entitled to recover all reasonable costs of prosecuting the action, including court costs, investigative costs, deposition expenses, witness and attorney fees.

**Prayer For Relief**

WHEREFORE, Plaintiff Lucas Horton prays for judgment against the Defendant as follows:

A. An injunction enjoining the Defendant and their affiliates from engaging in the unlawful conduct set herein;

B. An award of $1500 per text for Causes of Action 1-6 for the 12 texts received by the Plaintiff.

C. An award of $5000 per call for the 7th Cause of Action for the 12 texts received by the Plaintiff, plus additional damages for time spent in lieu of the Plaintiff hiring an attorney.

JS 44 (Rev. 10/20) **CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

### I. (a) PLAINTIFFS
Lucas Horton

**DEFENDANTS**
Multiplan, Inc.

3-23CV2098-S

**(b)** County of Residence of First Listed Plaintiff: Dallas
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: New York County
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Lucas Horton, pro se litigant
1202 Stratford Dr, Richardson, Tx 75080  214 909 3341

Attorneys *(If Known)*

SEP 20 2023
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

### II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

### III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [x] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

### IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane | 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability | 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | 368 Asbestos Personal Injury Product Liability | | 820 Copyrights | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine | | | 830 Patent | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | 835 Patent - Abbreviated New Drug Application | 460 Deportation |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle | 370 Other Fraud | 710 Fair Labor Standards Act | 840 Trademark | 470 Racketeer Influenced and Corrupt Organizations |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability | 371 Truth in Lending | 720 Labor/Management Relations | 880 Defend Trade Secrets Act of 2016 | 480 Consumer Credit (15 USC 1681 or 1692) |
| 190 Other Contract | 360 Other Personal Injury | 380 Other Personal Property Damage | 740 Railway Labor Act | **SOCIAL SECURITY** | [x] 485 Telephone Consumer Protection Act |
| 195 Contract Product Liability | 362 Personal Injury - Medical Malpractice | 385 Property Damage Product Liability | 751 Family and Medical Leave Act | 861 HIA (1395ff) | 490 Cable/Sat TV |
| 196 Franchise | | | 790 Other Labor Litigation | 862 Black Lung (923) | 850 Securities/Commodities/ Exchange |
| | | | 791 Employee Retirement Income Security Act | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | 864 SSID Title XVI | 891 Agricultural Acts |
| 210 Land Condemnation | 440 Other Civil Rights | **Habeas Corpus:** | | 865 RSI (405(g)) | 893 Environmental Matters |
| 220 Foreclosure | 441 Voting | 463 Alien Detainee | | **FEDERAL TAX SUITS** | 895 Freedom of Information Act |
| 230 Rent Lease & Ejectment | 442 Employment | 510 Motions to Vacate Sentence | | 870 Taxes (U.S. Plaintiff or Defendant) | 896 Arbitration |
| 240 Torts to Land | 443 Housing/ Accommodations | 530 General | | 871 IRS—Third Party 26 USC 7609 | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment | 535 Death Penalty | **IMMIGRATION** | | |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other | **Other:** | 462 Naturalization Application | | 950 Constitutionality of State Statutes |
| | 448 Education | 540 Mandamus & Other | 465 Other Immigration Actions | | |
| | | 550 Civil Rights | | | |
| | | 555 Prison Condition | | | |
| | | 560 Civil Detainee - Conditions of Confinement | | | |

### V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
47 U.S.C. § 227
Brief description of cause:
TCPA violations of making textss with an ATDS to a consumer on the DNC list

### VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** 168,000

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes [ ] No

### VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: 9/19/2023
SIGNATURE OF ATTORNEY OF RECORD: Lucas Horton, pro se plantiff

**FOR OFFICE USE ONLY**
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Lucas Horton
_____
*Plaintiff*
v.

Multiplan, Inc
_____
*Defendant*

) ) ) ) ) ) )

Civil Action No. 3-23-cv-2098-P

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

Multiplan, Inc
115 5th Ave, 7th Floor
New York, NY 10003

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Lucas Horton
1202 Stratford Dr
Richardson, Tx 75080

lukeduke365@yahoo.com

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify)*:


My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc: