IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LUCAS HORTON, | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | § |
| | §  CIVIL ACTION NO. 3:23-cv-02098 |
| MULTIPLAN, INC., | § |
| | § |
| Defendant. | § |

**MULTIPLAN, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

Defendant MultiPlan, Inc. ("MultiPlan"), hereby files this Answer and Affirmative Defenses to the Second Amended Complaint ("Complaint"), ECF No. 22, filed by plaintiff Lucas Horton ("Plaintiff"). MultiPlan denies each allegation in the Complaint unless specifically admitted herein.

**I.   ANSWER**

**AND NOW**, responding to the numbered paragraphs of Plaintiff's Complaint,[1] MultiPlan respectfully states as follows:

To the extent the allegations contained in the unnumbered introductory paragraph of the Complaint purport to characterize Plaintiff's overview and/or summary of his claims, no response is required from MultiPlan. To the extent a response is required, MultiPlan denies that Plaintiff is entitled to any relief in connection with this action and MultiPlan denies that it is liable to Plaintiff in anyway.

---

[1] MultiPlan has included in its Answer the same headings that Plaintiff has included in his Complaint for ease of reference only. Any allegations contained in the headings of the Complaint are denied insofar as they are directed to MultiPlan.

1

**Parties**

In response to the unnumbered paragraph under the "Parties" heading of Plaintiff's Complaint, the allegations are denied as written. MultiPlan admits, however, that is a New York corporation with its principal place of business in New York, New York. MultiPlan is without sufficient knowledge or information to justify a belief as to the veracity of the remaining allegations contained in this unnumbered paragraph and therefore denies the same.

**Jurisdiction & Venue**

In response to the unnumbered paragraph under the "Jurisdiction & Venue" heading of Plaintiff's Complaint that set forth legal arguments and/or call for legal conclusions, the allegations require no response from MultiPlan. To the extent any response is required, MultiPlan admits that this Court has subject matter jurisdiction over this action but denies that it has committed any violations of applicable federal or state law.

**Facts**

1. The allegations contained in Paragraph 1 of the Complaint set forth legal arguments and/or call for legal conclusions that require no response from MultiPlan. To the extent any response is required, the cited authorities speak for themselves and MultiPlan denies that it has committed any violations of applicable federal or state law.

2. The allegations contained in Paragraph 2 of the Complaint set forth legal arguments and/or call for legal conclusions that require no response from MultiPlan. To the extent any response is required, the cited authorities speak for themselves and MultiPlan denies that it has committed any violations of applicable federal or state law.

3. The allegations contained in Paragraph 3 of the Complaint set forth legal arguments and/or call for legal conclusions that require no response from MultiPlan. To the extent any

response is required, the cited authorities speak for themselves and MultiPlan denies that it has committed any violations of applicable federal or state law.

4. MultiPlan is without sufficient knowledge or information to justify a belief as to the veracity of the allegations contained in Paragraph 4 of the Complaint and therefore denies the same. MultiPlan specifically denies that any text messages were sent to Plaintiff on its behalf.

5. The allegations contained in Paragraph 5 of the Complaint set forth legal arguments and/or call for legal conclusions that require no response from MultiPlan. To the extent any response is required, the cited authorities speak for themselves and MultiPlan denies that it has committed any violations of applicable federal or state law. MultiPlan specifically denies that "[a] DNC policy was requested of the Defendant, but was ignored."

6. The allegations contained in Paragraph 6 of the Complaint set forth legal arguments and/or call for legal conclusions that require no response from MultiPlan. To the extent any response is required, the cited authorities speak for themselves and MultiPlan denies that it has committed any violations of applicable federal or state law.

7. The allegations contained in Paragraph 7 of the Complaint set forth legal arguments and/or call for legal conclusions that require no response from MultiPlan. To the extent any response is required, the cited authorities speak for themselves and MultiPlan denies that it has committed any violations of applicable federal or state law.

8. The allegations contained in Paragraph 8 of the Complaint set forth legal arguments and/or call for legal conclusions that require no response from MultiPlan. To the extent any response is required, the cited authorities speak for themselves and MultiPlan denies that it has committed any violations of applicable federal or state law.

PD.46665018.1

9. The allegations contained in Paragraph 9 of the Complaint set forth legal arguments and/or call for legal conclusions that require no response from MultiPlan. To the extent any response is required, the cited authorities speak for themselves and MultiPlan denies that it has committed any violations of applicable federal or state law.

10. The allegations contained in Paragraph 10 of the Complaint set forth legal arguments and/or call for legal conclusions that require no response from MultiPlan. To the extent any response is required, the cited authorities speak for themselves and MultiPlan denies that it has committed any violations of applicable federal or state law. MultiPlan specifically denies that it "sell[s] insurance or are selling insurance products not licensed in the state of Texas."

11. The allegations contained in Paragraph 11 of the Complaint are denied.

12. The allegations contained in Paragraph 12 of the Complaint set forth legal arguments and/or call for legal conclusions that require no response from MultiPlan. To the extent any response is required, the cited authorities speak for themselves and MultiPlan denies that it has committed any violations of applicable federal or state law.

13. The allegations contained in Paragraph 13 of the Complaint set forth legal arguments and/or call for legal conclusions that require no response from MultiPlan. To the extent any response is required, the cited authorities speak for themselves and MultiPlan denies that it has committed any violations of applicable federal or state law.

14. The allegations contained in Paragraph 14 of the Complaint set forth legal arguments and/or call for legal conclusions that require no response from MultiPlan. To the extent any response is required, the cited authorities speak for themselves and MultiPlan denies that it has committed any violations of applicable federal or state law. MultiPlan is without sufficient

knowledge or information to justify a belief as to the veracity of the remaining allegations contained in Paragraph 14 of the Complaint and therefore denies the same.

15. The allegations contained in Paragraph 15 of the Complaint are denied for lack of sufficient knowledge or information to justify a belief as to the veracity thereof. MultiPlan specifically denies that it, or anyone acting on its behalf or at its direction, made any calls or texts to Plaintiff.

16. The allegations contained in Paragraph 16 of the Complaint are denied for lack of sufficient knowledge or information to justify a belief as to the veracity thereof. MultiPlan specifically denies that it, or anyone acting on its behalf or at its direction, made any calls or texts to Plaintiff.

17. The allegations contained in Paragraph 17 of the Complaint are denied for lack of sufficient knowledge or information to justify a belief as to the veracity thereof. MultiPlan specifically denies that it, or anyone acting on its behalf or at its direction, made any calls or texts to Plaintiff.

18. The allegations contained in Paragraph 18 of the Complaint are denied for lack of sufficient knowledge or information to justify a belief as to the veracity thereof. MultiPlan specifically denies that it, or anyone acting on its behalf or at its direction, made any calls or texts to Plaintiff.

19. The allegations contained in Paragraph 19 of the Complaint are denied for lack of sufficient knowledge or information to justify a belief as to the veracity thereof. MultiPlan specifically denies that it, or anyone acting on its behalf or at its direction, made any calls or texts to Plaintiff.

20. The allegations contained in Paragraph 20 of the Complaint set forth legal arguments and/or call for legal conclusions that require no response from MultiPlan. MultiPlan specifically denies that it, or anyone acting on its behalf or at its direction, made any calls or texts to Plaintiff through an ATDS or otherwise.

21. The allegations contained in Paragraph 21 of the Complaint are denied for lack of sufficient knowledge or information to justify a belief as to the veracity thereof. MultiPlan specifically denies that it, or anyone acting on its behalf or at its direction, made any calls or texts to Plaintiff.

22. The allegations contained in Paragraph 22 of the Complaint are denied for lack of sufficient knowledge or information to justify a belief as to the veracity thereof. MultiPlan specifically denies that it, or anyone acting on its behalf or at its direction, made any calls or texts to Plaintiff.

23. The allegations contained in Paragraph 23 of the Complaint are denied for lack of sufficient knowledge or information to justify a belief as to the veracity thereof. MultiPlan specifically denies that it, or anyone acting on its behalf or at its direction, made any calls or texts to Plaintiff. MultiPlan also denies that Plaintiff purchased any "policy" from MultiPlan.

24. The allegations contained in Paragraph 24 of the Complaint are denied for lack of sufficient knowledge or information to justify a belief as to the veracity thereof. MultiPlan specifically denies that it, or anyone acting on its behalf or at its direction, made any calls or texts to Plaintiff. MultiPlan also denies that Plaintiff purchased any "policy" from MultiPlan.

25. The allegations contained in Paragraph 25 of the Complaint are denied for lack of sufficient knowledge or information to justify a belief as to the veracity thereof. MultiPlan

PD.46665018.1

specifically denies that it, or anyone acting on its behalf or at its direction, made any calls or texts to Plaintiff. MultiPlan also denies that Plaintiff purchased any "policy" from MultiPlan.

26. The allegations contained in Paragraph 26 of the Complaint are denied for lack of sufficient knowledge or information to justify a belief as to the veracity thereof. MultiPlan specifically denies that it, or anyone acting on its behalf or at its direction, made any calls or texts to Plaintiff. MultiPlan also denies that Plaintiff purchased any "policy" from MultiPlan or paid any money to MultiPlan.

27. The allegations contained in Paragraph 27 of the Complaint are denied for lack of sufficient knowledge or information to justify a belief as to the veracity thereof. MultiPlan specifically denies that it, or anyone acting on its behalf or at its direction, made any calls or texts to Plaintiff. MultiPlan also denies that Plaintiff purchased any "policy" from MultiPlan. MultiPlan also specifically denies the last two sentences in Paragraph 27.

28. The allegations contained in Paragraph 28 of the Complaint are denied for lack of sufficient knowledge or information to justify a belief as to the veracity thereof.

29. The allegations contained in Paragraph 29 of the Complaint are denied.

30. The allegations contained in Paragraph 30 of the Complaint are denied for lack of sufficient knowledge or information to justify a belief as to the veracity thereof. MultiPlan specifically denies that it, or anyone acting on its behalf or at its direction, made any calls or texts to Plaintiff.

31. The allegations contained in Paragraph 31 of the Complaint are denied for lack of sufficient knowledge or information to justify a belief as to the veracity thereof. MultiPlan specifically denies that it, or anyone acting on its behalf or at its direction, made any calls or texts

to Plaintiff. MultiPlan specifically denies any "agency relationship" between it and "Innovative Partners."

32. The allegations contained in Paragraph 32 of the Complaint set forth legal arguments and/or call for legal conclusions that require no response from MultiPlan. To the extent any response is required, the cited authorities speak for themselves and MultiPlan denies that it has committed any violations of applicable federal or state law. MultiPlan is without sufficient knowledge or information to justify a belief as to the veracity of the remaining allegations contained in Paragraph 32 of the Complaint and therefore denies the same.

33. The allegations contained in Paragraph 33 of the Complaint are denied for lack of sufficient knowledge or information to justify a belief as to the veracity thereof. MultiPlan specifically denies that it, or anyone acting on its behalf or at its direction, made any calls or texts to Plaintiff. MultiPlan also denies that Plaintiff purchased any "policy" from MultiPlan or paid any money to MultiPlan, and thus, MultiPlan has no money to "refund" to Plaintiff.

34. The allegations contained in Paragraph 34 of the Complaint are denied for lack of sufficient knowledge or information to justify a belief as to the veracity thereof. MultiPlan admits, however, that is has "no relationship" with Plaintiff.

35. The allegations contained in Paragraph 35 of the Complaint set forth legal arguments and/or call for legal conclusions that require no response from MultiPlan. To the extent any response is required, the cited authorities speak for themselves and MultiPlan denies that it has committed any violations of applicable federal or state law. MultiPlan admits, however, that there was a previous lawsuit between the Parties that Plaintiff dismissed voluntarily after being completely unable to prove his case against MultiPlan.

PD.46665018.1

**Factual Allegations**

36. The allegations contained in Paragraph 36 of the Complaint are denied.

37. The allegations contained in Paragraph 37 of the Complaint set forth legal arguments and/or call for legal conclusions that require no response from MultiPlan. To the extent any response is required, the cited authorities speak for themselves and MultiPlan denies that it has committed any violations of applicable federal or state law. MultiPlan is without sufficient knowledge or information to justify a belief as to the veracity of the remaining allegations contained in Paragraph 37 of the Complaint and therefore denies the same.

38. The allegations contained in Paragraph 38 of the Complaint set forth legal arguments and/or call for legal conclusions that require no response from MultiPlan. To the extent any response is required, MultiPlan specifically denies that it, or anyone acting on its behalf or at its direction, made any calls or texts to Plaintiff.

39. The allegations contained in Paragraph 39 of the Complaint set forth legal arguments and/or call for legal conclusions that require no response from MultiPlan. To the extent any response is required, the cited authorities speak for themselves and MultiPlan denies that it has committed any violations of applicable federal or state law.

**FIRST CAUSE OF ACTION FOR THE TEXTS**
**Violation of 47 U.S.C. § 227(b)(1)(A)**
**Telephone Consumer Protection Act**

The allegations contained in this unnumbered paragraph set forth legal arguments and/or call for legal conclusions that require no response from MultiPlan. To the extent any response is required, the cited authorities speak for themselves and MultiPlan denies that it has committed any violations of applicable federal or state law. MultiPlan denies that Plaintiff is entitled to any relief in connection with this cause of action and MultiPlan denies that it is liable to Plaintiff in anyway.

**SECOND CAUSE OF ACTION FOR THE TEXTS**
Violation of 47 U.S.C.. § 227(c)(3)(F)
Telephone Consumer Protection Act

The allegations contained in this unnumbered paragraph set forth legal arguments and/or call for legal conclusions that require no response from MultiPlan. To the extent any response is required, the cited authorities speak for themselves and MultiPlan denies that it has committed any violations of applicable federal or state law. MultiPlan denies that Plaintiff is entitled to any relief in connection with this cause of action and MultiPlan denies that it is liable to Plaintiff in anyway.

**THIRD CAUSE OF ACTION FOR THE TEXTS**
Violation of § 64.1200(d)(1)
Failure to Maintain Written Telemarketing Policy

The allegations contained in this unnumbered paragraph set forth legal arguments and/or call for legal conclusions that require no response from MultiPlan. To the extent any response is required, the cited authorities speak for themselves and MultiPlan denies that it has committed any violations of applicable federal or state law. MultiPlan denies that Plaintiff is entitled to any relief in connection with this cause of action and MultiPlan denies that it is liable to Plaintiff in anyway.

**FOURTH CAUSE OF ACTION FOR THE TEXTS**
Violation of TX 305
Texas State TCPA Law

The allegations contained in this unnumbered paragraph set forth legal arguments and/or call for legal conclusions that require no response from MultiPlan. To the extent any response is required, the cited authorities speak for themselves and MultiPlan denies that it has committed any violations of applicable federal or state law. MultiPlan denies that Plaintiff is entitled to any relief in connection with this cause of action and MultiPlan denies that it is liable to Plaintiff in anyway.

### FIFTH CAUSE OF ACTION FOR THE TEXTS
**Violation of 47 CFR § 64.1200(d)(4)**
**Failure to Provide Identifying Information**

The allegations contained in this unnumbered paragraph set forth legal arguments and/or call for legal conclusions that require no response from MultiPlan. To the extent any response is required, the cited authorities speak for themselves and MultiPlan denies that it has committed any violations of applicable federal or state law. MultiPlan denies that Plaintiff is entitled to any relief in connection with this cause of action and MultiPlan denies that it is liable to Plaintiff in anyway.

### SIXTH CAUSE OF ACTION
**Violation of § 64.1200(d)**
**Telemarketing without mandated safeguards**

This Cause of Action was dismissed by the Court, and thus, requires no response. *See* ECF Nos. 30 and 34. However, in an abundance of caution, MultiPlan responds as follows: The allegations contained in this unnumbered paragraph, including sub-paragraphs (a) and (b), set forth legal arguments and/or call for legal conclusions that require no response from MultiPlan. To the extent any response is required, the cited authorities speak for themselves and MultiPlan denies that it has committed any violations of applicable federal or state law. MultiPlan denies that Plaintiff is entitled to any relief in connection with this cause of action and MultiPlan denies that it is liable to Plaintiff in anyway.

### SEVENTH CAUSE OF ACTION
**Violation of TX 302**
**Telemarketing without mandated business license**

This Cause of Action was dismissed by the Court, and thus, requires no response. *See* ECF Nos. 30 and 34. However, in an abundance of caution, MultiPlan responds as follows: The allegations contained in this unnumbered paragraph set forth legal arguments and/or call for legal conclusions that require no response from MultiPlan. To the extent any response is required, the

cited authorities speak for themselves and MultiPlan denies that it has committed any violations of applicable federal or state law. MultiPlan denies that Plaintiff is entitled to any relief in connection with this cause of action and MultiPlan denies that it is liable to Plaintiff in anyway.

### EIGHTH CAUSE OF ACTION
### Violation of TX 301
### Failure To Provide A Refund

This Cause of Action was dismissed by the Court, and thus, requires no response. *See* ECF Nos. 30 and 34. However, in an abundance of caution, MultiPlan responds as follows: The allegations contained in this unnumbered paragraph set forth legal arguments and/or call for legal conclusions that require no response from MultiPlan. To the extent any response is required, the cited authorities speak for themselves and MultiPlan denies that it has committed any violations of applicable federal or state law. MultiPlan denies that Plaintiff is entitled to any relief in connection with this cause of action and MultiPlan denies that it is liable to Plaintiff in anyway.

### Prayer For Relief

The allegations contained in the unnumbered paragraph under the heading "Prayer For Relief" make legal arguments and call for a legal conclusion to which no response is required from MultiPlan. To the extent a response is required, MultiPlan specifically denies any implication of fault or wrongdoing on its part and further denies that it caused any injury to Plaintiff or is liable to Plaintiff in any way.

### Demand For Jury Trial

The allegations contained in the unnumbered paragraph under the heading "Demand For Jury Trial" make legal arguments and call for a legal conclusion to which no response is required from MultiPlan. To the extent a response is required, MultiPlan acknowledges that Plaintiff seeks a trial by jury in this case but denies that he is entitled to one.

## II. AFFIRMATIVE DEFENSES

**AND NOW**, setting forth its affirmative defenses, MultiPlan respectfully represents and states as follows:

1. Plaintiff fails, under both federal and state law, to state a claim upon which relief can be granted.

2. Plaintiff lacks standing to bring this action.

3. Plaintiff's claims are barred at least in part by the applicable statute of limitations or the doctrine of laches.

4. Plaintiff's claims are barred, in whole or in part, by the doctrines of consent, acquiescence, waiver, estoppel, or other equitable defenses to the extent that Plaintiff agreed to receive the alleged phone calls or texts, failed to take action to request that he no longer receive calls or texts, or took advantage of any offers in the alleged phone calls or texts.

5. Although MultiPlan denies that it, or anyone acting on its behalf or at its direction, made any calls or texts to Plaintiff, out of an abundance of caution and to the extent MultiPlan is required to assert it as an affirmative defense, any alleged phone calls or texts were made in good faith and with a reasonable belief that it was not in violation of state or federal law, were justified, proper, and lawful, and were taken without any intent to violate state or federal law.

6. Although MultiPlan denies that it, or anyone acting on its behalf or at its direction, made any calls or texts to Plaintiff, out of an abundance of caution and to the extent MultiPlan is required to assert it as an affirmative defense, any alleged calls or texts were made in good faith and in conformity with and in reliance on administrative regulation, order, ruling, approval, interpretation, administrative practice, and/or enforcement policy of the United States Federal Communications Commission and/or other governmental body.

7. Although MultiPlan denies that it, or anyone acting on its behalf or at its direction, made any calls or texts to Plaintiff and even though Plaintiff bears the burden of proving a violation of the TCPA, out of an abundance of caution and to the extent MultiPlan is required to assert it as an affirmative defense, Plaintiff provided his "prior express consent" to receiving the alleged telephone calls or texts.

8. Reasonable practices and procedures were established and implemented, with due care, to effectively prevent telephone solicitation in violation of the regulations.

9. The Complaint fails, in whole or in part, to state a claim upon which injunctive relief can be awarded.

10. MultiPlan has not engaged in any conduct or committed any act or omission that was or could have been the direct, legal, and/or proximate cause of any damage, loss, or injury to Plaintiff.

11. Plaintiff's damages, if any, were caused by the fault of others over whom MultiPlan has no control and for whom MultiPlan has no responsibility.

12. Plaintiff's damages, if any, were solely and proximately caused by his own intentional actions, inactions, fault, and/or negligence, which serves to defeat or proportionately diminish Plaintiff's recovery, if any.

13. Plaintiff suffered no actual damages, and any actual damages allegedly sustained are too speculative as a matter of law.

14. Plaintiff is not entitled to recover any amount from MultiPlan as damages, including any treble or punitive damages.

15. Plaintiff is not entitled to recover attorney's fees, legal expenses and/or court costs from MultiPlan.

16.     Plaintiff's claims are barred in whole or in part by Plaintiff's own unclean hands and/or pursuant to the doctrine of inexcusable neglect.

17.     Texas Business & Commerce Code § 302.101 is inapplicable to MultiPlan and its business operations.

MultiPlan is without knowledge of which, if any, additional affirmative defenses may be supported by the facts developed through further investigation and discovery. Accordingly, MultiPlan expressly reserves the right to amend and/or supplement the foregoing Answer and Affirmative Defenses at a later time to assert any matter constituting an exception, avoidance, or affirmative defense, including, without limitation, those matters set forth in the Federal Rules of Civil Procedure, as may become known to MultiPlan during the course of this litigation.

**WHEREFORE**, Defendant MultiPlan, Inc. prays that this Answer and Affirmative Defenses be deemed good and sufficient and that, after due proceedings are had, there be judgment herein in favor of MultiPlan, Inc. and against Plaintiff, dismissing Plaintiff's claims in their entirety and with prejudice at Plaintiff's cost and awarding to MultiPlan, Inc. its reasonable attorney fees and costs incurred in defending this matter and such other relief as the Court may find is just and equitable under the circumstances.

Dated: August 29, 2024.

Respectfully submitted,

 */s/ Errol J. King, Jr.*
Errol J. King, Jr. (*pro hac vice*)
Taylor J. Crousillac (*pro hac vice*)
**PHELPS DUNBAR LLP**
II City Plaza
400 Convention Street, Suite 1100
Baton Rouge, Louisiana 70802
Telephone: (225) 376-0207
Fax: (225) 381-9197

PD.46665018.1

Errol.king@phelps.com
Taylor.crousillac@phelps.com

and

Zshoná A. Workman
State Bar No. 24099397
**PHELPS DUNBAR LLP**
201 Main Street, Suite 1350
Fort Worth, Texas 76102
Telephone: (817) 386-1166
Facsimile: (817) 386-1170
Zshona.Workman@phelps.com

Jennifer C. Thomas
State Bar No. 24097509
**PHELPS DUNBAR LLP**
Southlake Town Square
115 Grand Avenue, Suite 222
Southlake, Texas  76092-7629
Telephone: (817) 305-0342
Facsimile: (817) 488-3214
Jennifer.thomas@phelps.com

**ATTORNEYS FOR MULTIPLAN, INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that on the 29th day of August, 2024, I electronically filed the enclosed Answer and Affirmative Defenses, through the Court's CM/ECF filing system, which shall provide Plaintiff with a copy of this filing as authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Errol J. King. Jr.*
Errol J. King, Jr.